D.LAW, INC.
Roman Shkodnik (SBN 285152)
r.shkodnik@d.law
Emma Geesaman (SBN 352715)
e.geesaman@d.law
450 N Brand Blvd., Suite 840
Glendale, CA 91203
Telephone: (818) 962-6465
Facsimile: (818) 962-6469

Attorneys for Plaintiff JAIDA JEROTZ, on behalf of herself and others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAIDA JEROTZ, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF ARITZIA INC. dba ARITZIA, a Delaware corporation; US OF ARITZIA INC, an entity of unknown form; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:25-cv-10790-MWC-SSC<br><br><u>CLASS ACTION</u><br><br><u>Assigned for All Purposes To:</u><br>Hon. Michelle Williams Court<br>Ctrm: 6A<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br>1. Failure to Pay Minimum Wages;<br>2. Failure to Pay Wages and Overtime Under Labor Code § 510;<br>3. Meal-Period Liability Under Labor Code § 226.7;<br>4. Rest-Break Liability Under Labor Code § 226.7;<br>5. Failure to Pay Vacation Wages;<br>6. Reimbursement of Necessary Expenditures Under Labor Code § 2802; and<br>7. Violation of Business & Professions Code § 17200 *et seq*.<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff JAIDA JEROTZ (hereinafter "Plaintiff") on behalf of herself and all others similarly situated (collectively, "Employees"; individually, "Employee") complains of Defendants, and each of them, as follows:

## INTRODUCTION

1. Plaintiff brings this action on behalf of herself and all current and former Employees within the State of California who, at any time four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt, hourly employees by UNITED STATES OF ARITZIA INC. dba ARITZIA, a Delaware corporation; US OF ARITZIA INC, an entity of unknown form; and DOES 1 through 50 (all defendants being collectively referred to herein as "Defendants"). Plaintiff alleges that Defendants, and each of them, violated various provisions of the California Labor Code, relevant orders of the Industrial Welfare Commission (IWC) and California Business & Professions Code, and seeks redress therefore.

2. Plaintiff is a resident of California and during the time period relevant to this Complaint was employed by Defendants as a non-exempt hourly employee within the State of California at Defendants' facilities and offices in California from on or about November 15, 2021, until she quit Defendants' employ on or about January 23, 2022. Plaintiff and the other Class members worked for Defendants in Los Angeles County, and in other nonexempt positions, throughout California, and consistently worked at Defendants' behest without being paid all wages due. More specifically, Plaintiff and the other similarly situated Class members were employed by Defendants and worked at Defendants' offices and other facilities where the conduct giving rise to the allegations in this Class Action Complaint occurred. Upon information and belief, Plaintiff was employed by Defendants and (1) shared similar job duties and responsibilities, (2) was subjected to the same policies and practices, and (3) endured similar violations at the hands of Defendants as the other Employee Class members who served in similar and related positions.

3. Defendants required Plaintiff and the Employees in the Class to perform work while remaining under Defendants' control before and after being on the clock and during their meal and rest breaks. Defendants thus failed to pay Plaintiff and the Class members for all hours worked. Defendants also failed to provide Plaintiff and the Class with lawful meal and rest periods, as employees were not provided with the opportunity to take timely and duty-free meal and rest periods as required by the Labor Code.

## THE PARTIES

### A. The Plaintiff

4. Plaintiff JAIDA JEROTZ has resided in California and during the time period relevant to this Complaint was employed by Defendants as a non-exempt hourly employee within the State of California from on or about November 15, 2021, until she quit Defendants' employ on or about January 23, 2022.

5. Plaintiff JAIDA JEROTZ typically worked three shifts per week averaging roughly seven hours per shift for a total of twenty-one (21) to twenty-four (24) hours per week.

### B. The Defendants

6. Defendant UNITED STATES OF ARITZIA INC. dba ARITZIA is a Delaware corporation with its principle executive offices in Vancouver, British Columbia, Canada, and upon information and belief, has been listed as the employer on Plaintiff's offer of employment during the relevant time period. UNITED STATES OF ARITZIA INC. dba ARITZIA does not list a California address with the California Secretary of State; however, upon information and belief employs Plaintiff and the Employees in Los Angeles County, including at Defendants' offices and facilities in Los Angeles, California, and throughout California and Defendants conduct business throughout California.

7. Defendant US OF ARITZIA INC is an entity of unknown form with its principle executive offices in Vancouver, British Columbia, Canada, and upon

information and belief, has been listed as the employer on Plaintiff's wage statements during the relevant time period. US OF ARITZIA INC. does not list a California address with the California Secretary of State; however, upon information and belief employs Plaintiff and the Employees in Los Angeles County, including at Defendants' offices and facilities in Los Angeles, California, and throughout California and Defendants conduct business throughout California.

8. The true names and capacities, whether individual, corporate, associate, or whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in some manner for the unlawful acts referred to herein.

9. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 50 when their identities become known.

10. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in all respects as the employers or joint employers of Employees. Defendants, and each of them, exercised control over the wages, hours or working conditions of Employees, or suffered or permitted Employees to work, or engaged, thereby creating a common law employment relationship, with Employees. Therefore, Defendants, and each of them, employed or jointly employed Employees.

## JURISDICTION AND VENUE

11. The District Court has original subject matter jurisdiction under 28

U.S.C. § 1332, and because Defendants removed this matter to federal court on November 10, 2025, under 28 U.S.C. §§ 1441 and 1446, in that this is a civil action that purportedly satisfies the requirements stated in the Class Action Fairness Act of 2005, codified in part at 28 U.S.C. § 1332(d).

12. This District Court is in the judicial district and division embracing the place where the state court case was brought. Thus, this Court is the proper District Court to which this case should have been removed. 28 U.S.C. §§ 1441(a) and 1446(a).

## FACTUAL BACKGROUND

13. The Employees who comprise the Class and Collective, including Plaintiff, are nonexempt employees pursuant to the applicable Wage Order of the IWC. Defendants hire Employees who work in nonexempt positions at the direction of Defendants in the State of California. Plaintiff and the Class members were either not paid by Defendants for all hours worked or were not paid at the appropriate minimum, regular, and overtime rates. Specifically, Plaintiff and Employees were not paid for the time that they worked pre-shift without compensation, by waiting for management to complete opening procedures, including disarming the security alarm and turning on the lights and undergoing COVID-19 temperature checks prior to clocking in and for up to five minutes. Plaintiff was subjected to Defendants' practice requiring pre-shift off-the-clock work on all shifts she worked as a non-exempt employee of Defendants and was scheduled for the opening shift, including for instance, on shifts during the pay period ending January 23, 2022. Plaintiff and Employees also worked post-shift by undergoing bag checks and waiting for management to lock up the store after clocking out for up to five minutes. Plaintiff was subjected to Defendants' practice requiring post-shift off-the-clock work on all shifts she worked as a non-exempt employee of Defendants and was scheduled for the closing shift, including for instance, on shifts during the pay period ending January 23, 2022. Plaintiff and Employees also worked off-the-clock during meal

periods, including by undergoing bag checks after clocking out for meal periods. Plaintiff was subjected to Defendants' practice requiring bag checks after clocking out for meal periods on all shifts she worked as a non-exempt employee of Defendants and was entitled to a meal period, including for instance, on shifts during the pay period ending January 23, 2022. Plaintiff also contends that Defendants failed to pay Plaintiff and the Class members all wages due and owing, and failed to provide timely meal and rest breaks, all in violation of various provisions of the California Labor Code and applicable Wage Orders. Additionally, Defendants paid Plaintiff and Employees nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses. However, upon information and belief, Defendants failed to incorporate all remunerations, including nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate. Therefore, during times when Plaintiff and Employees worked overtime and received nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses, Defendants failed to pay all overtime wages by paying a lower overtime rate than required. For example, Defendants paid a $2 shift differential for every hour worked during the Holiday season from on or about November 15 through on or about January 10. Plaintiff worked overtime on at least one occasion during the pay period ending December 26, 2021, at the same time she was entitled to a shift differential. Lastly, Defendants failed to incorporate the prevailing wage rate into the regular rate of pay used to calculate and pay for overtime and double time pay.

14. From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants paid Plaintiff and Employees nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses. However, upon information and belief, Defendants failed to incorporate all remunerations, including nondiscretionary commissions, incentive pay, shift

differentials, and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating vacation pay. Additionally, Defendants failed to incorporate the prevailing wage rate into the regular rate of pay used to calculate vacation pay. Therefore, during times when Plaintiff and Employees worked overtime and received nondiscretionary commissions, incentive pay, shift differentials, nondiscretionary bonuses, and/or prevailing wages, Defendants failed to pay all vacation pay by paying a lower overtime rate than required.

15. During the course of Plaintiff and the Class members' employment with Defendants, they were not paid all wages they were owed, including for all work performed and for all overtime hours worked and were forced to work during their meal and rest breaks.

16. As a result, Plaintiff and the Class members worked shifts over eight (8) hours in a day and over forty (40) hours in a work week, but they were not paid at the appropriate overtime rate for all such hours, including by being required to perform work duties and tasks without pay and while off-the-clock. As a result, Plaintiff and the Class members worked substantial overtime hours during their employment with Defendants for which they were not compensated, in violation of the California Labor Code and applicable IWC Wage Orders.

17. As a result of the above described daily work demands, and the other wage violations they endured at Defendants' hands, Plaintiff and the Class members were not properly paid for all wages earned and for all wages owed to them by Defendants, including when working more than eight (8) hours in any given day and/or more than forty (40) hours in any given week. As a result of Defendants' unlawful policies and practices, Plaintiff and Class members incurred overtime hours worked for which they were not adequately and completely compensated. To the extent applicable, Defendants also failed to pay Plaintiff and the Class members at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week and overtime payments at the rate of 2

times the regular rate for hours worked over eight (8) on the seventh consecutive work day, as required under the Labor Code, applicable IWC Wage Orders.

18. Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees for all hours worked, and failing to pay minimum wages for all time worked as required by California Law.

19. Additionally from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Employees overtime compensation at premium overtime rates for all hours worked in excess of eight (8) hours a day and/or forty (40) hours a week, and double-time rates for all hours worked in excess of twelve (12) hours a day, in violation of Labor Code § 510 and the corresponding sections of IWC Wage Orders.

20. Additionally from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have regularly required Employees to work shifts in excess of five (5) hours without providing them with timely and off-duty meal periods due to the pre-shift off-the-clock work alleged above and Defendants' requirement that Employees undergo a bag check after clocking out for their meal period; and without providing them with second meal periods of not less than thirty minutes on shifts in excess of ten hours; nor did Defendants pay Employees "premium pay," i.e. one hour of wages at each Employee's effective regular rate of pay, for each meal period that Defendants failed to provide or deficiently provided. Plaintiff was subjected to Defendants' bag check practices on all shifts she worked as a non-exempt employee of Defendants and was entitled to a meal period, including for instance, on shifts during the pay period ending January 23, 2022. Additionally, Plaintiff was required to work through at least one meal period during the pay period ending December 3, 2021.

21. From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have consistently failed to provide Employees

with timely, duty-free paid rest breaks of not less than ten (10) minutes for every work period of four (4) or more consecutive hours; nor did Defendant pay Employees premium pay for each day on which requisite rest breaks were not provided or were deficiently provided at one hour of wages at each Employee's effective regular rate of pay, for each rest period that Defendants failed to provide or deficiently provided. Additionally, Defendants required Plaintiff and Employees to undergo bag checks after starting their rest breaks resulting in short and on-duty rest breaks. Specifically, when Employees began their rest periods they were required to locate an available manager who would then inspect the Employees' bag which took roughly two minutes, resulting in rest breaks of less than ten minutes. Plaintiff was subjected to these practices on all shifts she worked as a non-exempt employee of Defendants and was entitled to a rest period, including for instance, on shifts during the pay period ending January 23, 2022.

22. From at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have failed to reimburse Employees for expenses necessarily incurred in the performance of their job duties for Defendants including, but not limited to, the cost of personal cell phone usage, which were necessary to perform their duties under Defendants' employ in violation of Labor Code § 2802. For example, Plaintiff used her personal cell phone to respond to work related text messages.

23. In light of the foregoing, Employees bring this action pursuant to, inter alia, Labor Code §§ 210, 218.5, 218.6, 226.3, 226.7, 227.3, 510, 512, 558, 558.1, 1182.12, 1185, 1194, 1194.2 1197, 1198.5, 1199, and 2802.

24. Furthermore, pursuant to Business and Professions Code §§ 17200-17208, Employees seek injunctive relief.

## CLASS ALLEGATIONS

25. Plaintiff brings this class action on behalf of herself and all others similarly situated pursuant to FRCP 23 and Code of Civil Procedure § 382. Plaintiff

seeks to represent a class defined as follows: all non-exempt individuals employed by Defendants, at any time within four (4) years of the filing of this lawsuit, and that have been employed by Defendants within the State of California.

26. Further, Plaintiff seeks to represent the following Subclasses composed of and defined as follows:

a. Subclass 1. Minimum Wages Subclass. All Class members who were not compensated for all hours worked for Defendants at the applicable minimum wage.

b. Subclass 2. Wages and Overtime Subclass. All Class members who were not compensated for all hours worked for Defendants at the required rates of pay, including for all hours worked in excess of eight in a day and/or forty in a week.

c. Subclass 3. Meal Period Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to provide timely and duty-free meal periods or one hour of pay at the Employee's regular rate of pay in lieu thereof.

d. Subclass 4. Rest Break Subclass. All Class members who were subject to Defendants' policy and/or practice of failing to authorize and permit Employees to take timely, duty-free, 10-minute rest periods for every four hours worked, or major fraction thereof, and failing to pay one hour of pay at the Employee's regular rate of pay in lieu thereof.

e. Subclass 5. Vacation Wages Subclass. All Class members who were not compensated at the Employee's regular rate of pay for their vacation wages.

f. Subclass 6. Failure to Reimburse for Necessary Business Expenditures Subclass. All Class members who were subject to Defendants failing to reimburse for expenses necessarily incurred in the performance of Employees job duties for Defendants which were necessary to perform their duties under Defendants' employ.

g. Subclass 7. UCL Subclass. All Class members who are owed restitution

and/or seek injunctive relief as a result of Defendants' business acts and practices, to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

27. Plaintiff reserves the right to amend or modify the class description with greater particularity or further division into subclasses or limitation to particular issues.

28. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in litigation and proposed class is easily ascertainable.

**A. Numerosity** (FRCP 23(a)(1); Code of Civil Procedure § 382)

29. The potential members of the class as defined are so numerous that joinder of all the member of the class is impracticable. While the precise number of class member has not been determined at this time, Plaintiff is informed and believes that Defendants employ or, during the time period relevant to this lawsuit, employed more than 100 individuals within the State of California.

30. Accounting for employee turnover during the relevant time period increases this number substantially. Plaintiff alleges that Defendants' employment records will provide information as to the number and location of all class members.

**B. Commonality** (FRCP 23(a)(2))

31. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions of law and fact include:

a. Whether Defendants failed to pay Employees minimum wages;

b. Whether Defendants failed to pay Employees wages for all hours worked;

c. Whether Defendants failed to pay Employees overtime as required under Labor Code § 510;

d. Whether Defendants violated Labor Code §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Employees with

requisite meal periods or premium pay in lieu thereof;

e. Whether Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage Orders, by failing to provide Employees with requisite rest breaks or premium pay in lieu thereof;

f. Whether Defendants failed to pay Employees vacation wages as required under Labor Code § 227.3;

g. Whether Defendants failed to reimburse Employees for necessary business expenses;

h. Whether Defendants violated Business and Professions Code § 17200 *et seq.*; and

i. Whether Employees are entitled to equitable relief pursuant to Business and Professions Code § 17200 *et seq*.

**C. Typicality** (FRCP 23(a)(3))

32. The claims of the named Plaintiff are typical of those of the other Employees. Employees all sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein.

**D. Adequacy of Representation** (FRCP 23(a)(4))

33. Plaintiff will fairly and adequately represent and protect the interest of Employees. Counsel who represents Employees are experienced and competent in litigating employment class actions.

**E. Superiority of Class Action** (FRCP 23(b); Code of Civil Procedure § 382)

34. The nature of this action and the nature of the laws available to Plaintiff make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiff for the wrongs alleged herein. Further this action is maintainable as a class action because the prerequisites of FRCP 23(a) are satisfied as outlined above, and in addition:

a. California has a public policy which encourages the use of the class action device;

b. By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

c. This case involves large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

d. If each individual member of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

e. Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f. Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

g. Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely

create:

i. a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

ii. a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

iii. inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants;

iv. potentially incompatible standards of conduct for Defendants; and

v. potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

h. The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

i. Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

j. The Supreme Court of California urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

35. Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action.

/ / /

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGES**

**(Against All Defendants)**

36. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

37. Defendants failed to pay Employees minimum wages for all hours worked. Defendants had a consistent policy of misstating Employees time records and failing to pay Employees for all hours worked. Employees would work hours and not receive wages, including as alleged above in connection with: (1) waiting for management to complete opening procedures, including disarming the security alarm and turning on the lights and undergoing COVID-19 temperature checks prior to clocking in for up to five minutes; (2) working post-shift by undergoing bag checks and waiting for management to lock up the store after clocking out for up to five minutes; and (3) working off-the-clock during meal periods, including by undergoing bag checks after clocking out for meal periods for at least two minutes. Plaintiff was subjected to Defendants' practice requiring bag checks after clocking out for meal periods on all shifts she worked as a non-exempt employee of Defendants and was entitled to a meal period, including for instance, on shifts during the pay period ending January 23, 2022. Plaintiff was required to perform work pre-shift off-the-clock on all shifts she worked as a non-exempt employee of Defendants and was scheduled the opening shift, including for instance, on shifts during the pay period ending January 23, 2022. Plaintiff was required to perform work post-shift off-the-clock on all shifts she worked as a non-exempt employee of Defendants and was scheduled the closing shift, including for instance on shifts during the pay period ending January 23, 2022. Defendants also failed to pay Employees for hours worked during alleged meal periods for which Employees were denied. Moreover, Defendants did not pay Plaintiff and Employees at the applicable minimum wage for all hours worked. Defendants' uniform pattern of

unlawful wage and hour practices manifested, without limitation, applicable to the Class as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to Plaintiff and the other members of the Class as to minimum wage pay.

38. California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

39. The applicable minimum wages fixed by the commission for work during the relevant period is found in the Wage Orders. Pursuant to the Wage Orders, Employees are therefore entitled to double the minimum wage during the relevant period.

40. The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a) which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and c osts of suit.

41. As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission.

42. California Labor Code § 1194.2 also provides for the following remedies:

> In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

43. Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Employees.

44. Wherefore, Employees are entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a).

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510**

**(Against All Defendants)**

45. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

46. By their conduct, as set forth herein, Defendants violated California Labor Code § 510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Employees: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight (8) hours on any seventh day of work in a workweek. Defendants had a consistent policy of not paying Employees wages for all hours worked including time off the clock working pre-shift by waiting for management to complete opening procedures, including disarming the security alarm and turning on the lights and undergoing COVID-19 temperature checks prior to clocking in for up to five minutes. Plaintiff was required to perform work pre-shift off-the-clock on all shifts she worked as a non-exempt employee of Defendants and was scheduled the

opening shift, including for instance, on shifts during the pay period ending January 23, 2022. Plaintiff and Employees also worked post-shift by undergoing bag checks and waiting for management to lock up the store after clocking out for up to five minutes. Plaintiff was required to perform work post-shift off-the-clock on all shifts she worked as a non-exempt employee of Defendants and was scheduled the closing shift, including for instance on shifts during the pay period ending January 23, 2022.The uncompensated time also includes the time Employees worked off-the-clock during meal periods, such as by undergoing bag checks after clocking out for their meal periods which took up to two minutes. Plaintiff was subjected to Defendants' practice requiring bag checks after clocking out for meal periods on all shifts she worked as a non-exempt employee of Defendants and was entitled to a meal period, including for instance, on shifts during the pay period ending January 23, 2022. Employees regularly worked over 8 hours on a given day without receiving overtime compensation.

47. Furthermore, on information and belief, Defendants did not pay Plaintiff and Employees the correct overtime rate for the recorded overtime hours that they generated. In addition to an hourly wage, Defendants paid Plaintiff and Employees shift differentials, nondiscretionary commissions, incentive pay, and/or nondiscretionary bonuses. For example, Defendants paid a $2 shift differential for every hour worked during the Holiday season from on or about November 15 through on or about January 10. Plaintiff worked overtime on at least one occasion during the pay period ending December 26, 2021, at the same time she was entitled to a shift differential. However, upon information and belief, Defendants failed to incorporate all remunerations, including nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate. Additionally, Defendants failed to incorporate the prevailing wage rate into the regular rate of pay used to calculate and pay for overtime pay, double time pay, sick pay, vacation

pay, and meal and rest break premiums.

48. Therefore, during times when Plaintiff and Employees worked overtime and received nondiscretionary commissions, incentive pay, shift differentials, and/or nondiscretionary bonuses, Defendants failed to pay all overtime wages by paying a lower overtime rate than required.

49. Employees have been damaged by these violations of California Labor Code § 510 (and the relevant orders of the Industrial Welfare Commission).

50. Consequently, pursuant to California Labor Code §§ 510 and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Employees for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**MEAL-PERIOD LIABILITY UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

51. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

52. Employees regularly worked shifts greater than five (5) hours and greater than ten (10) hours. Pursuant to Labor Code § 512 an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.

53. Defendants failed to provide Employees with timely meal periods as required under the Labor Code. Employees were required to take meal periods after working well beyond the five (5) hour shifts due to the pre-shift off-the-clock work alleged above. Additionally, Employees were required to undergo bag checks after clocking out for their meal periods resulting in short and on-duty meal periods. Once an Employee had clocked out for their meal period, they were required to find an

available manager who would then inspect the employee's bag resulting in roughly two minutes of off-the-clock. Plaintiff was subjected to these practices on all shifts she worked as a non-exempt employee of Defendants and was entitled to a meal period, including for instance, on shifts during the pay period ending January 23, 2022. Additionally, Plaintiff was required to work through at least one meal period during the pay period ending December 3, 2021. Furthermore, Employees were regularly required to work for more than 10 hours in a given shift without receiving a second uninterrupted thirty (30) minute meal period as required by law.

54. Moreover, Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Orders, which provide that, if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. Defendants failed to compensate the Employees in the Class for each meal period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Order. Additionally, as detailed above, when Defendants did pay meal period premiums, they did so at the normal regular rate of pay without factoring in all forms or remuneration/compensation or by otherwise incorrectly calculating the regular rate.

55. Therefore, pursuant to Labor Code § 226.7, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each meal period not provided or deficiently provided, a sum to be proven at trial.

**FOURTH CAUSE OF ACTION**

**REST-BREAK LIABILITY UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

56. Plaintiff re-alleges and incorporates all preceding paragraphs, as though

set forth in full herein.

57. Employees consistently worked consecutive four (4) hour shifts. Pursuant to the Labor Code and the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift.

58. Defendants failed to provide Employees with duty-free rest breaks of not less than ten (10) minutes for each consecutive four (4) hour shift. In addition, what rest periods were provided were provided untimely due to the pre-shift off the clock and were not a full ten (10) minutes as Defendants required Employees to undergo bag checks. Specifically, when Employees began their rest periods they were required to locate an available manager who would then inspect the Employees' bag which took roughly two minutes, resulting in rest breaks of less than ten minutes.

59. Moreover, Defendants failed to compensate Employees for each rest period not provided or inadequately provided, as required under Labor Code § 226.7 and the applicable IWC Wage Orders, which provide that, if an employer fails to provide an employee a rest period in accordance with this section, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided. Defendants failed to compensate the Employees in the Class for each rest period not provided or inadequately provided, as required under Labor Code § 226.7 and the applicable IWC Wage Order. Additionally, as detailed above, when Defendants did pay rest period premiums, they did so at the normal regular rate of pay without factoring in all forms or remuneration/compensation or by otherwise incorrectly calculating the regular rate.

60. Therefore, pursuant to Labor Code § 226.7, Employees are entitled to damages in an amount equal to one (1) hour of wages at their effective hourly rates of pay for each day worked without the required rest breaks, a sum to be proven at

trial.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PAY VACATION WAGES**

**(Against All Defendants)**

61. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

62. Pursuant to California Labor Code § 227.3, whenever a contract of employment or employment policy provides for paid vacation and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with said contract of employment or policy respecting eligibility or time served.

63. Defendants paid nondiscretionary commissions, shift differentials, incentive pay, and/or nondiscretionary bonuses to Employees but Defendants failed to include these forms of remuneration in the regular rate of pay upon which vacation wages were calculated and paid. Defendants also failed to incorporate the prevailing wage rate into the regular rate of pay used to calculate and pay vacation wages.

64. Therefore, Plaintiff and Employees seek to recover penalties pursuant to Labor Code § 227.3.

**SIXTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENDITURES**

**IN VIOLATION OF LABOR CODE § 2802**

**(Against All Defendants)**

65. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

66. Under Labor Code § 2802(a) an employer must indemnify its employees for all necessary expenditures or losses incurred by the employee in

direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

67. Employees incurred necessary expenditures in the performance of their job duties for Defendants, namely the cost of personal cell phone usage, which were necessary to perform their duties under Defendants' employ. For example, Plaintiff would use her personal cell phone to respond to text messages seeking coverage of shifts or if employees' shifts needed to be switched. From four (4) years prior to the original filing of this lawsuit and continuing to the present, Defendants consistently failed to reimburse Employees for these necessarily incurred business expenses.

68. As a result of the unlawful acts of Defendants, Employees have been deprived of reimbursement in amounts to be determined at trial; they are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.***

**(Against All Defendants)**

69. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

70. Plaintiff, on behalf of herself, Employees, and the general public, brings this claim pursuant to Business & Professions Code § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

71. Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injury and lost money or property as a result of such unfair competition, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

72. Business & Professions Code § 17200 *et seq*. prohibits unlawful and unfair business practices.

73. Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, providing them with compliant meal and rest periods, etc., are fundamental public policies of California. Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

74. Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq*.; which conduct has deprived Plaintiff, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

75. Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the Business & Professions Code § 17200 *et seq*.

76. Defendants, by engaging in the conduct herein alleged, by failing to pay wages and overtime, failing to provide compliant meal and rest periods, etc., either knew or in the exercise of reasonable care should have known that their conduct was unlawful; therefore their conduct violates the Business & Professions Code § 17200 *et seq*.

77. Further, if Defendants are not enjoined from the conduct set forth above, Defendants will continue to practice, employ and utilize the employment practices outlined in the preceding paragraphs. Plaintiff could be re-hired and, therefore, could benefit from an injunction and/or declaratory relief, as could the

other class members.

78. Therefore, Plaintiffs request that the Court issue a preliminary and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

79. As a proximate result of the above-mentioned acts of Defendants, Employees have been damaged, in a sum to be proven at trial.

80. Unless restrained by this Court, Defendants will continue to engage in such unlawful conduct as alleged above. Under the Business & Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendants have unlawfully failed to pay.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1. For an order certifying this action as a class action;

2. For compensatory damages in the amount of the unpaid minimum wages for work performed by Employees and unpaid overtime compensation from at least four (4) years prior to the filing of this action, as may be proven;

3. For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4. For compensatory damages in the amount of the hourly wage made by Employees for each missed or deficient meal period where no premium pay was paid therefor from four (4) years prior to the filing of this action, as may be proven;

5. For compensatory damages in the amount of the hourly wage made by Employees for each day requisite rest breaks were not provided or were deficiently

provided where no premium pay was paid therefor from at least four (4) years prior to the filing of this action, as may be proven;

6. For penalties pursuant to Labor Code § 227.3, as may be proven;

7. For restitution for unfair competition pursuant to Business & Professions Code § 17200 *et seq*., including disgorgement or profits, and an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

8. For compensatory damages in the amount of all previously unreimbursed business expenditures necessarily incurred by Employees in the discharge of their job duties for Defendants from four (4) years prior to the original filing of this action, as may be proven;

9. For all general, special, and incidental damages as may be proven;

10. For an award of pre-judgment and post-judgment interest;

11. For an award providing for the payment of the costs of this suit;

12. For an award of attorneys' fees; and

13. For such other and further relief as this Court may deem proper and just.

DATED: January 12, 2026

D.LAW, INC.

By
/s/ Emma Geesaman

Roman Shkodnik
Emma Geesaman
Attorneys for Plaintiff
JAIDA JEROTZ
and the putative class

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

DATED: January 12, 2026

D.LAW, INC.

By
/s/ Emma Geesaman

Roman Shkodnik
Emma Geesaman
Attorneys for Plaintiff
JAIDA JEROTZ
and the putative class